PEOPLE, PLAINTIFF AND APPELLEE, *v.* FIGUERELLA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Violation of the Pharmacy Act.

No. 1052.—Decided July 18, 1916.

PHARMACY—REGISTRATION OF LICENSE.—Only after a license has been obtained and registered in the office of the General Inspector of Sanitation can a person engage in the profession of pharmacist in Porto Rico in any of the

manners prescribed by law; and the fact that the petitioner may have passed a satisfactory examination in the courses required by law in order to obtain a diploma and has paid the regular fee to the Board of Pharmacy, is not sufficient.

The facts are stated in the opinion.

*Mr. Antonio Trujillo Güil* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is a prosecution for violation of the so-called Pharmacy Act. Arturo Figuerella was charged with unlawfully owning and conducting under his own name a drug store in Méndez Vigo Street, of the town of Dorado, without the certificate required by law for the practice of the said profession.

There is absolutely no doubt about the truth of the facts charged against the defendant, but he contends that he proved at the trial that he had passed the examination required by law for obtaining a diploma as pharmacist; that he had sent to the Board of Pharmacy the fees required by the said act, and that he was entitled to practice his profession without waiting for the fulfilment of the formality of the delivery of the license and its registration in the office of the General Inspector of Sanitation.

The defendant is mistaken. The law is clear and conclusive. Only after having obtained and registered the license in the office of the General Inspector of Sanitation can he practice the profession of pharmacist in Porto Rico in any of the ways specified by law. See the act providing for the creation of a Board of Pharmacy, approved in 1906 and amended in 1910, and more particularly sections 10, 14, 18, 20 and 21 thereof.

Therefore the defendant committed the offense defined and penalized by section 21 of said act and the judgment sentencing him to pay a fine of $50, or to imprisonment in jail one day for each dollar not paid, should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.